FARMERS' LOAN & TRUST COMPANY *v.* SHUMATE.

Opinion delivered July 15, 1907.

GUARANTY OF PROFITS—CONSTRUCTION.—Where a vendor of merchandise executed a guaranty that the vendee's sales would reach three-fourths of the bill, and that, should they fail to do so within a certain time, the vendor would relieve him of the stock on hand and credit his notes with same at invoice prices, before the vendee can recover on such guaranty he must show that he made a *bona fide* effort to sell the goods within the stipulated time and failed to do so.

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

*J. N. Rachels,* for appellant.

Appellant bought the note before maturity, without notice, and was an innocent holder for value, and cannot be defeated by proof of contemporaneous agreements. 61 Ark. 81; 65 *Id.* 204.

*Stuckey & Stuckey,* for appellees.

BATTLE, J. This action was instituted by the Farmers' Loan & Trust Company against J. T. Shumate & Company before a justice of the peace, and was taken by appeal to the White Circuit Court. It was based on a promissory note executed by the defendant to the order of the Equitable Manufacturing Company for the sum of $146.70, was dated October 16th, 1902, and was due and payable fourteen months after date, and was transferred before due by the payee to the plaintiff. Plaintiff alleges that it purchased the note for value in due course of business before maturity. Its execution or validity is not denied, except that defendants say that at the time it was executed the Equitable Manufacturing Company, the payee in the note sued on, executed to them a guaranty in the following words:

"We guaranty sales from our draft advertisement and catalog advertisement to reach three-fourths of amount of the bill by the 12-25 day, 1903, or we take back the goods, and, should sales not equal three-fourths amount of bill by the 12-25, 1903, then we hereby agree to relieve customer of all stock on hand and credit his notes with same at invoice price. Customer executing his notes to our salesman for one-fourth the amount in six months, and three-fourths the amount in three months without interest; all notes except the first must be kept at the home office until the 12-25, 1903. Should sales not reach the amount above mentioned, then notes shall become null and void and not collectable. Order sheet herewith attached hereby becomes a part of the contract, and subject to conditions herein named. Salesman has no authority to make any agreement not written or printed herein.

"Equitable Manufacturing Company,
"L. B. Jackson, Salesman."

And at the same time executed to them the following obligation:

"$100.00                                                    9-3, 1902.

"Twelve months after date, for value received, we promise to pay to the order of J. T. Shumate and Company one hundred dollars.

"Equitable Manufacturing Company.

"This note is given as a guaranty of profit, and, should customer not realize profit stipulated, this note becomes payable at maturity; should customer realize profit guarantied, this note must be surrendered at maturity.

"L. B. Jackson, Agent."

We fail to find in the record any evidence that the defendants made any effort to sell the goods mentioned in the guaranty or three-fourths thereof before the 25th day of December, 1903, the time stipulated in contract.

The jury returned a verdict in favor of the defendants, and plaintiff appealed.

Before the appellees could recover on the guaranty, it was incumbent upon them to show that they made a *bona fide* effort to sell the goods or three-fourths thereof within the time stipulated, and failed to do so. The goods could not sell themselves.

There were other questions discussed which we deem unnecessary to decide.

Reverse and remand for a new trial.